978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David OSBORNE, Plaintiff-Appellant,
v.
Irwin KLEPPER, Defendant-Appellee,
Lila Klepper, Defendant.
 No. 91-6205.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 David Osborne appeals from the bifurcated damages portion of his breach of contract suit. He argues that the district court's exclusion of expert witness testimony constituted error. We believe the district court's ruling was well within its discretion, and we shall affirm.
 
 I.
 
 2
 In 1983, David Osborne asked his father-in-law, Erwin Klepper, to help him purchase land and a vacant building in Ashland, Kentucky. For various reasons, Osborne and Klepper agreed that it would be beneficial if the property were purchased in Klepper's name, even though all of the purchase money was provided by Osborne. Osborne retained keys to the building, used the building for storage, and resided in the immediate area. Osborne was obligated under the parties' agreement to bear all of the expenses related to the property, including maintenance. Klepper was obligated to reconvey the property on demand at a later date.
 
 
 3
 In the interim, David Osborne and his wife Jill experienced marital problems and separated. In May of 1987, David Osborne asked Klepper to transfer the property to Oakview, Inc., a corporation Osborne had established. Klepper refused and claimed that he had agreed to hold the property for the benefit of both David and Jill Osborne. Klepper offered to convey the property to the Osbornes jointly. David Osborne refused and again demanded that title be transferred to Oakview.
 
 
 4
 Osborne brought suit against Klepper in Kentucky state court for breach of contract. The case was removed to federal district court on diversity grounds. Discovery commenced, and Osborne deposed various experts, including C.E. Montague, a purported expert on property valuation. Klepper, pursuant to Rule 26, Fed.R.Civ.P., requested detailed information as to Osborne's experts' opinions. None was initially provided. In one deposition, Montague stated: "I don't think you could have rented [the building] to anybody, unless you fixed the roof and done [sic] the repairs inside."
 
 
 5
 After dismissing the suit as to Lila Klepper, the district court bifurcated the trial into liability and damages phases. At the conclusion of the liability phase, the jury found that Klepper had breached his duty to convey. The district court then ordered the parties to brief the damages issue, and reminded Osborne's counsel to "submit with his brief the amount of damages he claims along with a list of what amounts his witnesses will testify to and the basis for their figures." The court limited proof of damages to the period between May of 1987, the date upon which the jury found Klepper was obligated to convey the property to Osborne, and April 14, 1988, the date upon which he actually conveyed title.
 
 
 6
 At the damages phase of the trial, Osborne planned to call two expert witnesses: Hobert VanHoose, an expert on roof repair, and Montague. Before any evidence was introduced, the court granted Klepper's motion to exclude VanHoose from testifying because of the jury's finding that Osborne had ultimate control of the building and thus could have repaired the roof at any time. The court also excluded the testimony of Montague, based on the court's determination that since Montague's proposed testimony was materially different than the testimony he had given during discovery, Osborne had failed to abide by the court's pretrial order and admonition at the conclusion of the liability phase, and had not complied with Klepper's interrogatory request. The court noted that Osborne's noncompliance was particularly puzzling in light of Klepper's repeated objections, and the court's specific directions and reminders to Osborne that details of proposed expert testimony were particularly important because of Montague's earlier deposition testimony that the building was not rentable.
 
 II.
 
 7
 We reverse a district court's decision to enforce a pretrial order only for an abuse of discretion. Sullivan v. Chesapeake & Ohio Ry. Co., 1991 U.S.App. LEXIS 26040 (6th Cir.) (citing Jackson v. Seaboard Coastline R.R., 678 F.2d 992, 1019 (11th Cir.1982)). The district court's exclusion of expert testimony is also reviewed under an abuse of discretion standard. United States v. McLernon, 746 F.2d 1098, 1115 (6th Cir.1984).
 
 III.
 
 8
 Rule 26(e)(1)(B), Fed.R.Civ.P., puts a party under a duty to supplement interrogatory responses regarding "the identity of each person expected to be called as an expert witness at trial, the subject matter on which the person is expected to testify, and the substance of the person's testimony." Rule 16 allows a judge to impose the sanctions provided by Rule 37 where a party or party's attorney "fails to obey a scheduling or pretrial order." Rule 37(b)(2)(B) provides that the court may prohibit "that party from introducing designated matters in evidence." This is precisely what the district court did with respect to Montague's testimony, and it was well within its discretion. Here, Osborne's counsel not only failed to follow the district court's pretrial order and admonition at the conclusion of the liability trial, but also failed to adequately respond to Klepper's interrogatories. Osborne's counsel knew that if he were to succeed in proving damages, in light of Montague's previous testimony, a new "theory" would have to be developed. He succeeded in developing a new theory, but, significantly, did not make this new theory known to Klepper or to the court despite having a year to do so. The district court's exclusion of Montague's testimony was apropos, not an abuse of discretion, given Osborne's pattern of noncompliance with pretrial, discovery, and interrogatory requests throughout the trial.
 
 IV.
 
 9
 For the foregoing reasons, we determine that the district court's exclusion of Osborne's expert testimony and grant of directed verdict to Klepper were well within its discretion. The defendants' cross-appeal need not be addressed.
 
 
 10
 AFFIRMED.